**RINOS & MARTIN, LLP**
LINDA B. MARTIN, ESQ. (SBN 105445)
17822 17th Street, Suite 401
Tustin, California 92780
Telephone:  (714) 734-0400
Facsimile:  (714) 734-0480
E-Mail:  firm@rmlaw.org

Attorneys for Defendants, CITY OF FONTANA, OFFICER PETER RYN (erroneously sued and served as OFFICER PETER RYAN) and OFFICER DARREN ROBBINS

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES JURISDICTION

| | |
|---|---|
| OLGA DURAN, R.Z., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF FONTANA, OFFICER PETER RYAN, OFFICER DARREN ROBBINS, and DOES 1-10, inclusive, <br><br> Defendants. | ) CASE NO: EDCV 13-599 GHK (DTBx) <br> ) <br> ) ASSIGNED TO: <br> ) Honorable District Judge George H. King <br> ) Honorable Magistrate Judge David T. Bristow <br> ) Complaint Filed: April 2, 2013 <br> ) <br> ) <br> ) <br> ) (~~PROPOSED~~) PROTECTIVE ORDER <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

THIS COURT, HONORABLE DAVID T. BRISTOW, having reviewed the concurrently attached Joint Stipulation for a Protective Order signed by the attorneys for both parties, namely plaintiffs OLGA DURAN and R.Z., and defendants CITY OF FONTANA, et al., hereby orders the following:

All records produced by the Colton Police Department pertaining to defendant

Peter Ryn in response to the plaintiffs' subpoena, shall only be used in connection with this litigation which bears the following case no: EDCV 13-599 GHK (DTBx).

Further, it is hereby ORDERED that after the completion of the litigation, all copies of the documents stated above, and produced in this litigation, shall be immediately returned to Rinos and Martin, LLP within 10 days thereafter. Upon dismissal of this above captioned case, all copies of records, if not returned, shall be immediately destroyed and counsel for Rinos & Martin shall be informed of the specific records that have been destroyed.

Further, as stipulated to, by and between the above referenced, parties, it is hereby ORDERED that:

All records produced by the Colton Police Department pertaining to Officer Peter Ryn shall not be disclosed except as provided as follows:

a.    Counsel for any party and any party to this litigation;

b.    Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

c.    Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental for preparation of trial.

d.    Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party;

e.    Any "in-house" expert designated by either party to testify at trial in this matter.

2

Nothing pursuant to this stipulated protective order is intended to prevent officials or employees of the Colton Police Department or other authorized governmental officials from having access to any documents if they would have had access to said documents in the normal course of their job duties. Further, nothing in this stipulated protective order in intended to prevent a witness from disclosing events or activities personal to him or her.

Each person to whom disclosure of Colton Police Department's records pertaining to Officer Peter Ryn, shall, prior to the time of disclosure, be provided by the person furnishing him/her such material a copy of this order, and shall agree on the record or in writing that he/she has read the protective order, and that he/she understands the provisions of the protective order. Such person also must consent to be subject to the jurisdiction of the United States District Court with respect to any proceeding relating to enforcement of this order, including without limitation, any proceeding for contempt. Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of this agreement until final termination of this litigation.

If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be lodged under seal in an envelope clearly marked as follows: "CONFIDENTIAL MATERIAL SUBJECT TO A PROTECTIVE ORDER."

(PROPOSED) PROTECTIVE ORDER

**IT IS SO ORDERED:**

DATED: January 23, 2014

_____

Hon. Magistrate Judge David T. Bristow
United States District Court

4